UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS GEOVANNY ONCE CORTE,

                Petitioner,

      v.

RAUL MALDONADO, JR., Warden,
Metropolitan Detention Center Brooklyn, et
al.,

                Respondents.

**MEMORANDUM & ORDER**
26-CV-3657 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On April 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested

Petitioner Carlos Geovanny Once Corte in Queens. Petitioner was ultimately transferred to the

Metropolitan Detention Center ("MDC") in Brooklyn, where he remains detained. He now seeks

a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Petition").[1]

For the reasons that follow, his Petition is DENIED to the extent it challenges the

constitutional adequacy of the procedures of the bond hearing, and DISMISSED for lack of

jurisdiction to the extent it asks the Court to review the IJ's discretionary bond determination.

---

[1]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

Petitioner is a citizen of Ecuador who initially entered the United States without inspection on an unknown date. *See* ECF No. 1 at 6–7; ECF No. 7 at 1. On April 28, 2026, while ICE officers were conducting a targeted enforcement action related to another individual in Queens, they observed Petitioner exiting the residence of their primary target. ECF No. 7 at 1. The officers approached Petitioner, asked him for identification, and identified him as a citizen of Ecuador "who entered the United States without inspection, and who did not have any documents which would allow him to legally remain in the United States." *Id.* at 1–2. Officers then arrested Petitioner and detained him "pursuant to 8 U.S.C. § 1226(a)." *Id.* at 2. That same day, pursuant to the procedural requirements of Section 1226, ICE conducted an initial custody determination, served Petitioner with notice of that determination, read the contents of that notice to him in Spanish, and served him with a Form I-862, Notice to Appear ("NTA"), placing him in removal proceedings. *Id.*

Approximately two weeks after his arrest, Petitioner, through counsel, filed a motion for custody redetermination. *See* ECF No. 7 at 2; ECF No. 1 at 8. Around that time, Petitioner also pursued an application for relief from removal. ECF No. 7 at 2. On May 18, 2026, the Immigration Judge ("IJ") held a hearing on Petitioner's motion for custody redetermination, declined to admit certain evidence that was not timely filed, and, ultimately, granted Petitioner's oral motion to withdraw his motion for custody redetermination without prejudice. *Id.* Petitioner re-filed his motion for a bond hearing later that day. *Id.* About a week later, at a master calendar hearing, the IJ deemed Petitioner's application for relief from removal

---

[2]     The Court relies on evidence submitted by the parties in outlining the facts relevant to this Order. The facts recited here are undisputed unless otherwise noted. *See O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 398 n.2 (E.D.N.Y. 2025).

incomplete and, therefore, abandoned and issued an order of removal. *Id.* At that hearing, Petitioner moved, for a second time, to withdraw his motion for custody redetermination without prejudice and, again, the IJ granted it. ECF No. 7 at 3, 4.

On June 4, 2026, Petitioner appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"). *Id.* at 2–3. The next day, Petitioner moved for a custody redetermination hearing (his third such motion) and the IJ scheduled a bond hearing for June 15, 2026. *Id.* at 3, 4. On that date, the IJ conducted "a full hearing on the merits," and after reviewing the evidence, the IJ found Petitioner to be an "extremely high flight risk," and denied him bond. *Id.*; ECF No. 1 at 8. Accordingly, Petitioner remains detained at the MDC. *See* ECF No. 1 at 8.

Two days after Petitioner's bond hearing, he initiated the instant action by filing a petition for a writ of habeas corpus. *See generally id.* Among other things, Petitioner states that: (1) "[t]he Due Process Clause does not permit the Government to continue depriving Petitioner of his liberty while his removal proceedings remain ongoing and while a substantial challenge to the underlying removal order remains pending without affording meaningful process," *id.* at 2; (2) the custody redetermination hearing he received "did not cure the constitutional concerns presented in [his] Petition," *id.* at 8; and (3) "that [his] continued detention remains unwarranted in light of his substantial release equities, including his United States citizen child, employment history, tax filings, community support, sponsor, lack of criminal history, and demonstrated compliance with immigration proceedings," *id.* In light of these allegations, Petitioner claims that his continued detention violates the Due Process Clause and that his detention is not authorized by the Immigration and Nationality Act ("INA"). ECF No. 1 at 12–14.

Shortly thereafter, the Court issued an Order to Show Cause, directing the government to show cause "why the petition should not be granted, and why Respondents should not be ordered

3

to immediately release Petitioner from detention, in light of the Second Circuit's holding in *Cunha v. Freden*, [175 F.4th 61, 96 (2d Cir. 2026)]," and directing the government to "address whether Petitioner is being detained pursuant to 8 U.S.C. § 1225 or § 1226." *See* June 22, 2026, Text Order.

The government filed its response on June 30, 2026, in which it sets forth its position that: (1) the proper recourse for Petitioner, "[i]f dissatisfied with the IJ['s] decision," is "review by the [BIA]"; (2) "[n]o review of the assessment of factors at the bond hearing is available in an Article III court"; and (3) "[b]ecause Petitioner has not raised any other issues – *e.g.*, whether ICE complied with the requirements for a custody determination – those other issues are not properly before this Court." *See* ECF No. 7 at 4–5, 7 ("Response").

Petitioner filed his reply a day later. *See* ECF No. 8 ("Reply"). There, Petitioner asserts that he "does not seek review of the Immigration Judge's discretionary custody determination, nor does he ask this Court to reweigh the evidence presented during his June 15, 2026 custody hearing." *Id.* at 1, 4–7. Instead, he "challenges the constitutional legality of his continued civil detention while his appeal from the Immigration Judge's removal order remains pending before the [BIA]." *Id.*

### LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to

hear habeas corpus claims by non-citizens challenging the constitutionality of their detention."

*Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing

*Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## **DISCUSSION**

Despite Petitioner's assertions that he is challenging the constitutional adequacy of the

process he received, *see, e.g.*, ECF No. 1 at 2–3, ECF No. 8 at 4, his Petition is, in effect, a

challenge to the adequacy of the IJ's determination at the June 15, 2026, bond hearing, *see* ECF

No. 8 at 6–7 (arguing "the Immigration Judge's conclusory finding that Petitioner presented an

'extremely high flight risk,'" was constitutionally inadequate).  In other words, Petitioner's

challenge to "whether the procedures supporting his continued detention satisfy constitutional

due process" only make sense if read in conjunction with his criticism of the IJ's determination

that he demonstrated an "extremely high flight risk."  ECF No. 8 at 6.

In his Reply, Petitioner argues that his Petition should be granted because "Respondents

provide no transcript, no oral ruling, and no other record permitting this Court to evaluate

whether constitutionally adequate procedures were actually employed."  *Id.*  The same can be

said of Petitioner:  he provides no transcript, no oral ruling, and no other record that suggests the

IJ employed constitutionally inadequate procedures.[3]  In fact, Petitioner does not challenge a

particular procedure (or lack thereof) at all, he challenges the *result* of those procedures.  That

challenge is precisely of the sort over which this Court lacks jurisdiction.

---

[3]     Petitioner's argument also ignores the fact that "it is the petitioner who bears the burden
of proving that he is being held contrary to law; and because the habeas proceeding is civil in
nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."
*Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

Indeed, Section 1226(e) provides that "discretionary judgment regarding the application of [Section 1226] shall not be subject to review," and that "[n]o court may set aside any action or decision . . . regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003) *accord Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("§ 1226(e) precludes an alien from 'challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.'"); *see also Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 27 (2d Cir. 2019) (explaining that Section 1226(e) "precludes judicial review" of "a challenge to a 'decision' that the [IJ] has made regarding [a petitioner's] detention or release," and "precludes judicial review of the IJ's weighing of evidence and factual findings"); *Hamilton v. Shanahan*, No. 09-cv-6869, 2009 WL 5173927, at *3 (S.D.N.Y. Dec. 30, 2009) ("Section 1226(e) specifically divests this Court of jurisdiction to review the decisions of the IJ and the BIA (acting on behalf of the Attorney General) regarding detention of aliens under [S]ection 1226.").

Of course, Section 1226(e) does not bar the Court from "assess[ing] whether and how correct procedures were applied at all . . . and ultimately, whether [Petitioner]'s detention comports with due process." *See Pastrana-Beltran v. Mullin*, No. 26-cv-2657, 2026 WL 1398609, at *3 (E.D.N.Y. May 19, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). But, the Court has assessed the relevant procedures applied here and, based on the available record, concludes that Petitioner's June 15, 2026 bond hearing comports with due process.

As previously discussed, Petitioner brings this Petition to challenge whether he can be detained pending removal. Stated otherwise, by challenging whether he can be detained pending disposition of his appeal of the IJ's removal order, Petitioner is, in effect, seeking the remedy he has already received from the IJ at the June 15, 2026 bond hearing. Indeed, the entire point of

the bond hearing is for the IJ to determine whether Petitioner has demonstrated "by clear and convincing evidence, that release would not pose a danger to other persons or to property," and, if that burden is satisfied, whether he "further demonstrate[d], by clear and convincing evidence, that [he] is likely to appear for any scheduled proceeding or interview." *See* 8 C.F.R. § 1003.19(h)(3). Here, based on the available record, the IJ determined that Petitioner did not demonstrate he is likely to appear for any scheduled proceeding or interview. *See* ECF No. 7 at 4; ECF No. 7-9 at 2. Aside from his conclusory statements that the June 15, 2026, bond hearing was constitutionally deficient, Petitioner fails to proffer facts sufficient to demonstrate such constitutional deficiency. Notably, he ignores the fact that a bond hearing pending removal, absent a due process violation,  passes constitutional muster. *See Kuprashvili v. Flanagan*, No. 25-cv-5268, 2026 WL 1067217, at *8 (S.D.N.Y. Apr. 20, 2026) (acknowledging that "[u]nder § 1226, the Attorney General is authorized to detain a noncitizen already in the United States pending the outcome of removal proceedings," because "Section 1226 applies '*before* the removal period' and governs 'the detention of those aliens who 'are not immediately deportable,'" and collecting cases) (emphasis in original). To the extent Petitioner is dissatisfied with the IJ's determination, he may seek review by the BIA.

## CONCLUSION

For these reasons, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED to the extent it challenges the constitutional adequacy of the procedures of the bond hearing, and DISMISSED for lack of jurisdiction to the extent it asks the Court to review the IJ's discretionary bond determination.

Accordingly, the Court vacates its prior order prohibiting the government from removing Petitioner from the United States or transferring Petitioner to a facility outside of this District or the Southern District of New York.  *See* June 22, 2026, Text Order.

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
  HECTOR GONZALEZ
  United States District Judge

Dated: Brooklyn, New York
    July 13, 2026

8